UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID PIERCE, *et al.* | ) | JUDGE PAUL R. MATIA |
| | ) | |
| Plaintiffs | ) | CASE NO. 1:05CV0190 |
| | ) | |
| -vs- | ) | |
| | ) | MEMORANDUM OF OPINION |
| NORFOLK & SOUTHERN RAILWAY COMPANY, et al. | ) | AND ORDER |
| | ) | |
| Defendants | ) | |

This action for damages for injury allegedly caused by defendants, Norfolk & Southern Railway Company ("Norfolk"), Jeffrey Smith ("Smith"), and Sandusky Dock Corporation ("Sandusky"), was removed from the Court of Common Pleas of Erie County, Ohio on the ground that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship.  The facts taken from the plaintiffs David Pierce's ("Pierce"), Gwendolyn Pierce's and his two children Alexandria and James Pierce's (collectively "plaintiffs") complaint are as follows.  On September 29, 2003, Pierce was working as a longshoreman for CT Stevedoring, Inc. on the premises owned by Norfolk and/or Sandusky.  As part of his duties, Pierce had to descend a steep embankment and while doing so, he fell, permanently injuring his shoulder.  Pierce

alleges that Norfolk, Smith and/or Sandusky were negligent in failing, in spite of numerous complaints about the existence of dangerous working conditions, to take appropriate action, failing to install steps and handrails that were previously fabricated and failing to make the premises safe for frequenters as required by R.C. § 4101.11.  Counts two and three consist of claims by his wife Gwendolyn for loss of consortium and by his children, Alexandria and James, for loss of companionship.  The plaintiffs reside in Amherst, Ohio.  Norfolk and Sandusky are citizens of Virginia.  Jeffrey Smith, according to the original complaint, an employee of either Norfolk or Sandusky, is a resident of Ohio.  Thus, there are plaintiffs and one defendant who are citizens of the same state.  At this point, diversity of citizenship does not exist.  This matter is now before the Court upon Pierce's motions to remand (Doc. 6) and for leave to file an amended complaint. (Doc. 12).  For the reasons that follow,  plaintiffs' motion to remand is denied and their motion for leave to file an amended complaint is granted in part and denied in part.

Plaintiffs contend that this action was wrongly removed because Smith is also a resident of Ohio so that diversity of citizenship does not exist.  Defendants argue that Smith was fraudulently joined as defendant so as to defeat

diversity. Diversity of citizenship allows a citizen of one state to sue a citizen who resides in another state in federal court. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Diversity has been interpreted to mean complete diversity. *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996). In other words, no party can share citizenship with an opposing party. *Caudill v. North American Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000). 28 U.S.C. § 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The party that removed the action has the burden of proving that diversity exists. *Certain Interested Underwriters at Lloyds London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994). In determining whether a party has been fraudulently joined, the inquiry is whether the complaint states any claim against the defendant that is colorable under state law. *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 949 (6th Cir. 1994); *Jones v. Woodman Acc. & Life Co.*, 112 F. Supp.2d 676, 678 (N.D. Ohio 2000). Whether a colorable

complaint exists depends on the ability of the plaintiff to obtain a joint judgment against the diverse and nondiverse defendants. *Claudine Eckhart v. Depuy Orthopedics, Inc.*, 2004 WL 524916 (S.D. Ohio 2004). The court in *Eckhart* quoted *Parks v. New York Times Co.*, 308 F.2d 474, 477 (5th Cir. 1962), cert. denied, 376 U.S. 949 (1964): "[T]he determination of fraudulent joinder is to be based on whether there is a real intention on colorable grounds to procure a joint judgment [against the diverse and non-diverse defendants] . . . . [D]oubt with respect to the allegations concerning the resident defendants being false as when the question depends upon the credibility of witnesses or the weight of evidence will not render the joinder fraudulent. On the other hand, there must be some reasonable basis for believing that there is joint liability. . . . [A] joinder is fraudulent if the facts asserted with respect to the resident defendant are shown to be so clearly false as to demonstrate that no factual basis existed for any honest belief on the part of plaintiff that there was joint liability." *Id*. at *4. Affidavits may be submitted by the parties in support of their respective positions. The court then evaluates all of the factual allegations in the light most favorable to the plaintiff. *Id*.

Plaintiffs have named Norfolk and Sandusky as defendants because employment of Smith with either or both of them.  Smith was allegedly the superintendent of the coal dock and was allegedly responsible for the safety and maintenance of the premises where Pierce was allegedly injured.  Ohio makes a distinction between joint tortfeasors and tortfeasors who are primarily and secondarily liable.  *Herres v. Cushman*, 1998 WL 677189 at * 5 (Ohio App.2d Dist. Oct. 2, 1998).  Joint tortfeasors owe a common duty to another and actually participate in committing a tort against the other person.  *Id.*, citing *Maryland Cas. Co. v. Frederick Co.*, 142 Ohio St. 605, 613 (1944).  Primary and secondary liability is defined as liability involving one person who is "primary liable through active negligence or through actual knowledge of a dangerous situation and acquiesces in the continuance thereof and another person who is secondarily liable because, although he owed a common duty to the injured party, he did not participate in the act or omission causing injury and his negligence was merely passive is secondarily liable."  *Id.* See *Mahathiraj v. Columbia Gas of Ohio, Inc.*, 84 Ohio App.3d 554, 564 (Ohio App. 10 Dist. 1992).  The master/servant relationship is one example of a relationship that meets the definition of primary and secondary liability.  *Reynolds v. Physicians Ins. Co. Of Ohio,*  68 Ohio

5

St.3d 14, 16 (1993). In Ohio, under the doctrine of respondeat superior, the employee is primarily liable for his negligence and the employer is secondarily liable. Joinder of the two is not allowed where one of the defendants is primarily liable and the other secondarily liable and this rule extends to those to whom respondeat superior applies. *Shaver v. Shirks,* 163 Ohio St. 484, 494-95 (1955). In such case the employer is entitled to indemnity from the employee if found liable. *Reynolds v. Physicians Ins. Co. Of Ohio*, 68 Ohio St.3d at 16.

Defendants claim that Smith was not superintendent of the coal dock at the time of Pierce's alleged accident and was not an employee of Norfolk. Smith actually works for Norfolk and Southern Corporation and was assistant superintendent of the coal dock at the time in question. Thus, plaintiffs have move to amend the complaint to add Norfolk & Southern Corporation and James Dougan, Jr., also an Ohio resident, as party defendants while keeping Smith and Sandusky. The amended complaint alleges that Smith and Dougan were responsible for the safe maintenance of the premises located at 2333 W. Monroe Street, Sandusky, Ohio. Norfolk and Southern Corporation, a diverse party may be substituted as a defendant for Norfolk as it may be liable under the doctrine of respondeat superior, but Smith and Dougan, as the parties primarily liable should not be

6

defendants. Thus, in their absence, diversity jurisdiction does exist, and defendants have the right to remove this case to federal court.

Accordingly, plaintiffs' motion to remand is denied. (Doc. 6). Their motion for leave to amend the complaint is granted in part and denied in part. (Doc. 12). Plaintiffs shall file an amended complaint adding Norfolk Southern Corporation only as a party defendant.

IT IS SO ORDERED.


Date: May 9, 2005.                     /s/ Paul R. Matia
                                       UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

A copy of this Memorandum of Opinion and Order was filed electronically this 9th day of May, 2005. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                       /s/ Paul R. Matia
                                       UNITED STATES DISTRICT JUDGE

8